**United States District Court**
For the Northern District of California

1

2

3

4

5                   IN THE UNITED STATES DISTRICT COURT

6             FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  ROBERT BLAIR,                        ) Case No. 3:15-cv-01678-SC
                                        )
        Plaintiff,                      ) ORDER GRANTING MOTION TO
9                                       ) DISMISS
     v.                                 )
10                                      )
   MEDTRONIC, INC., and DOES 1          )
11 through 50, inclusive,               )
                                        )
12      Defendants.                     )
                                        )
13 _____       )

14

15 **I.    INTRODUCTION**

16      Now before the Court is Defendants' motion to dismiss the

17 above captioned case.  The matter is fully briefed[1] and appropriate

18 for resolution without oral argument under Civil Local Rule 7-1(b).

19 For the reasons set forth below, the motion to dismiss is GRANTED.

20 Plaintiff, however, is given LEAVE TO AMEND.

21

22 **II.   FACTS**

23      This case was originally filed in the Superior Court of

24 California, County of San Francisco ("state court") on April 2,

25 2015.  See ECF 1, Ex A ("Compl.")  Plaintiff Robert Blair

26 ("Plaintiff") used a form complaint for personal injury, property

27 damage, and wrongful death, with only a single paragraph of non-

28 _____

[1] See ECF Nos. 14 ("Mot."); 15 ("MJN"); 16 ("Opp'n"); 17 ("Reply").

**United States District Court**
For the Northern District of California

1   formulaic text.  Accordingly, the Court has very few facts alleged

2   before it within the Complaint, set forth below in their entirety.

3        Plaintiff identifies the Defendants as Medtronic, Inc.

4   ("Medtronic") and Does 1-50 (collectively, "Defendants").  Id. at

5   ¶¶ 5, 6, 8.  Plaintiff alleges that Medtronic has a place of

6   business in San Francisco, California.  Id.  (Per the Notice of

7   Removal, Defendants disagree.[2])  Plaintiff also alleges that Does

8   1-50 are agents or employees acting within the scope of their

9   duties or whose capacities are otherwise unknown.  Id. at ¶ 6.

10       By the boxes checked, the Court deduces Plaintiff brings suit

11  for products liability and general negligence, having suffered wage

12  loss, loss of use of property, hospital and medical expenses,

13  general damage, property damage, loss of earning capacity, and

14  other damage consisting of pre-judgment interest.  Compl. at ¶¶ 10-

15  11.  Plaintiff accordingly seeks compensatory damages, punitive

16  damages, and damages in an amount according to the proof.

17       Again, through boxes checked, the Court deduces that Plaintiff

18  brings its suit for products liability because on or about April 7,

19  2013, Plaintiff was injured by Medtronic M110901AAB, which the

20  Court presumes is a device.  Id. at ¶ Prod. L-1.  Per the form

21  language and boxes checked, "[e]ach of the defendants knew the

22  product would be purchased and used without inspection for defects.

23  The product was defective when it left the control of each

24  defendant.  The product at the time of injury was being" used in

25  both of two ways offered by the form.  Id. at ¶ Prod. L-2.  First,

26  it was "used in the manner intended by the defendants."  Id.

27

28

---

[2] The Court hears this case via diversity jurisdiction.  Relevant thereto, Medtronic is a Minnesota corporation whose principal place of business is Minneapolis.  See ECF Nos. 1 at ¶ 6; 1-1 at ¶ 2.

**United States District Court**
For the Northern District of California

1    Second, it was "used in a manner that was reasonably foreseeable by

2    defendants as involving a substantial danger not readily apparent.

3    Adequate warnings of the danger were not given."  <u>Id.</u>  Plaintiff

4    was a purchaser and user of the product.  <u>Id.</u> at ¶ Prod. L-3.

5         Plaintiff's injury was the proximate result of three checked-

6    box counts:  Strict liability, negligence, and breach of warranty.

7    <u>Id.</u> at ¶¶ Prod. L-4; Prod. L-5; Prod. L-6.  Strict liability

8    resulted because Defendants "manufactured or assembled the

9    product," "designed and manufactured component parts supplied to

10   the manufacturer," and "sold the product to the public."  <u>Id.</u> at ¶¶

11   Prod. L-4(a)-(c).  Negligence resulted because Defendants "owed a

12   duty to [P]laintiff."  <u>Id.</u> at ¶ Prod. L-5.  Breach of warranty is

13   alleged to exist because Defendants "breached an implied warranty"

14   and "breached an express warranty which was" "written" (vice oral).

15   <u>Id.</u> at ¶ Prod. L-6.

16        The information provided in the Complaint that was not

17   described above and strictly the result of filling in a generalized

18   form was Plaintiff's description of its cause of action for general

19   negligence.  There, Plaintiff alleged that Defendants were "the

20   legal proximate cause of damages to plaintiff" "on (date): or about

21   April 7, 2013" and "at (place): or around [sic]" by the following:

22        Plaintiff was recipient of a neurostimulator device that
          was surgically placed in his back.  This subject device
23        was the product of Medtronic, Inc.  As such, Defendant
          Medtronic, Inc. owed a duty to Plaintiff to inspect,
24        maintain and insure that the device was functioning
          properly and safely.  Defendant Medtronic, Inc. breached
25        this duty of care to Plaintiff.  As a direct and legal
          result of this breach of the duty of care owed to
26        Plaintiff. [sic] Plaintiff has suffered damages,
          including special damages and general damages.  Plaintiff
27        has sustained damage in an amount in excess of the
          jurisdictional minimum of the Superior Court.
28

3

1  Id. at ¶ GN-1.  Plaintiff's Opposition brief contains no section on

2  the factual background of this case, no additional information

3  related to this case, and no motion (or response to Defendants'

4  motion) for judicial notice.  See generally Opp'n.  Therefore, the

5  Court is bound to these highly limited facts.

6

7  **III.  LEGAL STANDARD**

8      A motion to dismiss under Federal Rule of Civil Procedure

9  12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

10  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

11  on the lack of a cognizable legal theory or the absence of

12  sufficient facts alleged under a cognizable legal theory."

13  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

14  1988).  "When there are well-pleaded factual allegations, a court

15  should assume their veracity and then determine whether they

16  plausibly give rise to an entitlement to relief."  Ashcroft v.

17  Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court

18  must accept as true all of the allegations contained in a complaint

19  is inapplicable to legal conclusions.  Threadbare recitals of the

20  elements of a cause of action, supported by mere conclusory

21  statements, do not suffice."  Id. at 678 (citing Bell Atl. Corp. v.

22  Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a

23  complaint must be "sufficient allegations of underlying facts to

24  give fair notice and to enable the opposing party to defend itself

25  effectively" and "must plausibly suggest an entitlement to relief"

26  such that "it is not unfair to require the opposing party to be

27  subjected to the expense of discovery and continued litigation."

28  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1    While normally a Court would be limited to the complaint,

2  certain additional documents may be considered.  Documents

3  referenced in a complaint may be attached to a Rule 12(b)(6) motion

4  or incorporated by reference into the complaint by the Court for

5  purposes of deciding a 12(b)(6) motion.  See Rubio v. Capital One

6  Bank, 613 F.3d 1195, 1199 (9th Cir. 2010) (permitting a court to

7  consider a document submitted "'whose contents are alleged in [the]

8  complaint and whose authenticity no party questions[.]' Branch v.

9  Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other

10 grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th

11 Cir. 2002).");  Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152,

12 1159-60 (9th Cir. 2012) ("the district court may, but is not

13 required to incorporate documents by reference," and doing so will

14 be reviewed for abuse of discretion).  Stated more succinctly, if

15 the complaint "necessarily relies" on a document, the Court may

16 consider that document if: "(1) the complaint refers to the

17 document; (2) the document is central to the plaintiff's claim; and

18 (3) no party questions the authenticity of the copy attached to the

19 12(b)(6) motion."  Marder v. Lopez, 450 F.3d 445, 448 (9th Cir.

20 2006) (citations omitted).

21    In some instances, per Fed. R. Civ. P. 12(d), a court may sua

22 sponte convert a Rule 12(b)(6) motion to dismiss to a Rule 56

23 motion for summary judgment if "matters outside the pleadings are

24 presented to and not excluded by the court."  In re Mortgage Elec.

25 Registration Sys., Inc., 754 F.3d 772, 781 (9th Cir. 2014)

26 (refusing to make the conversion where a district court based its

27 dismissal of a case entirely on deficiencies in the pleadings).

28 ///

**United States District Court**
For the Northern District of California

1    **IV.    DISCUSSION**

2         Defendants ask this Court to find the Complaint deficient on

3    four main grounds, including failure to adequately plead this type

4    of case (given treatment by other federal courts in California and

5    elsewhere), federal preemption of the claims at issue, bars by

6    California law to bringing certain causes of action, and failure to

7    plead with specificity sufficient to satisfy Fed. R. Civ. P. Rules

8    8 and 12(b)(6).  Defendants argue that given the law on preemption

9    and the state of the law in California, the case should be

10   dismissed with prejudice.  Plaintiffs oppose on all counts.

11        The Court is surprised that Plaintiff would file such a

12   threadbare Complaint, but also recognizes that Plaintiff originally

13   filed under the laws and standards applicable in state court rather

14   than those for Federal Court per the Federal Rules of Civil

15   Procedure.  The Court does not make any attempt to compare the

16   standards or deduce if the Complaint might be adequate in its

17   original jurisdiction -- what is clear and matters now is that the

18   Complaint is clearly insufficient for maintaining a federal case.

19        Plaintiff argues the Complaint is sufficient, claiming that a

20   complaint simply "must contain factual matter, accepted as true, to

21   'state a claim to relief that is plausible on its face.'"  See

22   Opp'n at 5 (quoting Iqbal, 556 U.S. at 678 (quoting Twombly, 550

23   U.S. at 570)).  Yet even making all assumptions that would be

24   favorable to the Complaint, see Iqbal, 556 U.S. at 664, the

25   Complaint is the epitome of "[t]hreadbare recitals of the elements

26   of a cause of action, supported by mere conclusory statements,"

27   which simply "do not suffice."  Twombly, 550 U.S. at 578.  For the

28   sake of clarity to Plaintiff, the Court reiterates that the

6

**United States District Court**
For the Northern District of California

1  allegations must be more than threadbare recitals and must be

2  "sufficient allegations of underlying facts to give fair notice and

3  to enable the opposing party to defend itself effectively" and

4  "must plausibly suggest an entitlement to relief" such that "it is

5  not unfair to require the opposing party to be subjected to the

6  expense of discovery and continued litigation."  Starr v. Baca, 652

7  F.3d 1202, 1216 (9th Cir. 2011).  The Complaint here utterly fails

8  to meet these standards, as none of the claims have pleaded

9  sufficient facts to state a claim.  Therefore, the claims must be

10  DISMISSED.  Defendants' motion is accordingly GRANTED.

11       However, the Court is not inclined to dismiss with prejudice.

12  Certainly, it is not an improper request to ask the Court to take

13  judicial notice of such matters as are referenced and relied upon

14  in the Complaint.  See Rubio, 613 F.3d at 1199; Marder, 450 F.3d at

15  448.  It is also not unreasonable to ask the Court to consider

16  preemption law or other legal bars to a claim.  See Mot. at 8-18.

17  However, even a preliminary review of cases likely relevant to the

18  Court's analysis of preemption suggest that a close factual

19  analysis will be required to determine if this is a case where

20  claims run parallel to or are preempted by relevant federal law.

21  See, e.g., Medtronic, Inc. v. Lohr, 518 U.S. 470 (1996), Stengel v.

22  Medtronic, Inc., 704 F.3d 1224 (9th Cir. 2013) (en banc); see also

23  Perez v. Nidek Co., 711 F.3d 1109, 1117-20 (9th Cir. 2013);

24  Gilstrap v. United Air Lines, Inc., 709 F.3d 995, 1006 (9th Cir.

25  2013); McClellan v. I-Flow Corp., 776 F.3d 1035, 1040-41 (9th Cir.

26  January 23, 2015).  Other district courts within this Circuit have

27  engaged in a careful, claim-by-claim analysis in deciding whether

28  and how these cases should apply.  See, e.g., Seedman v. Cochlear

United States District Court
For the Northern District of California

1   <u>Americas</u>, No. SACV 15-00366 JVS (JCGx), 2015 WL 4768239, at *8

2   (C.D. Cal. Aug. 10, 2015); <u>Eidson v. Medtronic, Inc.</u>, 40 F. Supp.

3   3d 1202, 1231-33 (N.D. Cal. 2014); <u>Ramirez v. Medtronic Inc.</u>, 961

4   F. Supp. 2d 977, 996 (D. Ariz. 2013), <u>clarified on denial of</u>

5   <u>reconsideration</u> (Oct. 24, 2013).  The Court is therefore loathe to

6   embark on a legal analysis with such a sparsely developed Complaint

7   where Plaintiff has yet to amend or be given any chance to fairly

8   present its case.  The Court thus declines the invitation to

9   dismiss with prejudice.

10

11  **V.      CONCLUSION**

12       Defendants' motion to dismiss is GRANTED.  The Complaint is

13  DISMISSED WITHOUT PREJUDICE.  Plaintiff may file a First Amended

14  Complaint within 30 days of the date of this Order.  If still

15  applicable, Defendants are permitted to again raise the same

16  arguments brought forth in its current motion to dismiss.

17  Plaintiff is advised that the Court will not forgo analysis of

18  preemption or legal bars to this suit a second time if the

19  Complaint remains similarly threadbare or fails to consider the

20  information submitted in the motion for judicial notice.  The

21  motion for judicial notice is DENIED WITHOUT PREJUDICE.

22       Parties have been referred to private mediation.  ECF No. 24.

23  The deadline for mediation is hereby extended 30 days to permit

24  Plaintiff an opportunity to file a First Amended Complaint.

25       IT IS SO ORDERED.

26

27  Dated: September 30, 2015        _____

28                                    UNITED STATES DISTRICT JUDGE

8